**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
----------------------------------------------------------------X
PRIVATE CAPITAL GROUP, LLC, a Nevada
Limited Liability Company, individually, and
as a shareholder of BANQUE PORTFOLIO CORP.,
suing on behalf of itself and in the right of
BANQUE PORTFOLIO CORP.

                Plaintiffs,          **MEMORANDUM OF
DECISION AND ORDER**
07CV4585 (ADS)(WDW)

    -against-


LAWRENCE A. CLINE, PRIVATE CAPITAL
GROUP, LLC, a Florida Limited Liability Company,
FICUS INVESTMENTS, INC., JEFFERSON VOSS,
and ALSTON & BIRD, LLP, a Georgia Limited
Liability Partnership,

                Defendants,

    -and-

BANQUE PORTFOLIO CORP.,


                Nominal Defendant.
----------------------------------------------------------------X
**APPEARANCES**

**PORT AND SAVA**
Attorneys for Plaintiff, Private Capital Group LLC (Nevada)
99 Tulip Avenue, Suite 304
Floral Park, NY 11001
      By:    Gary B. Port, Esq., Of Counsel

**GREENBERG FREEMAN LLP**
Attorneys for Defendant Lawrence A. Cline
110 East 59th Street
29th Floor
New York, NY 10022
      By:    Sanford H. Greenberg, Esq., Of Counsel

**ALSTON & BIRD LLP**
Attorneys for Defendants Private Capital Group LLC (Florida), Ficus Investments, Inc., Jefferson Voss, and Alston & Bird, LLP
90 Park Avenue
New York, New York
New York, NY 10016
      By:    John Felix Cambria, Esq.
              Matthew Kenneth Fleming, Esq.,
              Michael Peter DeSimone, Esq., Of Counsel

**SPATT, District Judge:**

### I. BACKGROUND

This action is related to a chapter 11 bankruptcy proceeding pending before the Honorable Carla E. Craig, Chief United States Bankruptcy Judge, *In re Copperfield Investments, LLC*, 07-71327, and two actions pending before the Honorable Bernard J. Fried in the New York State Supreme Court, New York County, *Ficus Investments, Inc. v. Private Capital Management, LLC*, Index No. 600926/2007 and *Banque Portfolio Corp. v. Thomas B. Donovan*, Index No. 650339/2007. By a prior Decision and Order, dated September 29, 2008, No. 07cv4585, *Docket No. 40*, the Court determined that it had subject matter jurisdiction over this action by virtue of its related nature to the pending bankruptcy and requested that the parties submit letter briefs regarding the manner in which this action should proceed. In particular, the

2

Court raised three issues: (1) whether permissive abstention in favor of the state court actions ought to be invoked; (2) whether this entire action should be referred to the bankruptcy court pursuant to Administrative Order #264 for the Eastern District of New York; and (3) whether this action should be stayed pending the outcome of the bankruptcy court's determination of either (a) Ficus and Private Capital Group Florida's objection to Claim #31 filed by Banque Portfolio Corp. ("BPC"), or (b) the chapter 11 trustee's objection to Claim #31.

The parties' responses make it clear that there are several appropriate avenues for the Court to consider. In particular, both plaintiffs and defendants recognize that referral of this action to the bankruptcy court is an available option as the claims in this case are related to a pending bankruptcy and at least one of the issues raised, namely, the ownership of BPC, is a core bankruptcy matter. The Court acknowledges that even if this action is referred, it will likely return, in whole if the issues before the bankruptcy court are settled, or in part in the form of a report and recommendation as to non-core matters.

The General Order of Reference for the Eastern District was signed by then Chief Judge Weinstein on August 28, 1986, and provides:

> WHEREAS 28 U.S.C. § 157(a) provides that each district court may refer any or all cases under Title 11 and any or all proceedings arising under Title 11, or arising in or related to a case under Title 11, it is hereby
> ORDERED that all such cases and proceedings are hereby referred to the Bankruptcy Judges for this District, and it is further

> ORDERED that this Order shall be given effect nunc pro tunc as of July 10, 1984, and that the prior Orders of this Court dated July 12, 1984, and August 7, 1984, relating to such referral of cases and proceedings are hereby rescinded.

Eastern District Administrative Order 264.

Although the defendants make a strong and appealing argument in favor of abstention, the Court believes that it is proper to first refer this matter to the bankruptcy court. The Advisory Committee note to the Federal Rule of Bankruptcy Procedure governing abstention in bankruptcy related cases states that "[t]he bankruptcy judge ordinarily will be in the best position to evaluate the grounds asserted for abstention. This subdivision . . . provides that the initial hearing on the motion is before the bankruptcy judge." Fed. R. Bankr. P. 5011 Advisory Committee's Note.

Accordingly, it is hereby

**ORDERED**, that this matter is referred to Chief United States Bankruptcy Court Judge Carla E. Craig for all further proceedings as prescribed by law, and it is further

**ORDERED**, that the Clerk of the Court is directed to note the referral on the docket. **SO ORDERED.**

Dated: Central Islip, New York
      April 8, 2009

                                                          /s/ Arthur D. Spatt
                                                      ARTHUR D. SPATT
                                                      United States District Judge